[Crim. No. 9641. Third Dist. Apr. 10. 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
LUCIOUS EDWARD JACKSON, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Gary S. Goodpastor, Chief Assistant State Public Defender, Laurance S. Smith and Roy M. Dahlberg, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just, Charles J. James and Nelson P. Kempsky, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**PUGLIA, P. J.—** ■ Defendant contends that the trial court erroneously ran a term of imprisonment for burglary second degree (Pen. Code, § 459) consecutively to a term of imprisonment for escape with force and violence (Pen. Code, § 4532, subd. (b)). He argues that the escape term should instead be made to run consecutively to the burglary term. We reject defendant's contention and affirm the judgment.

In 1975 defendant was placed on three years' probation for receiving stolen property (Pen. Code, § 496.) In August 1977, he was charged with burglary (Pen. Code, § 459) alleged to have been committed on July 20, 1977. At a hearing in October 1977, on an alleged violation of probation on the receiving conviction, the trial court revoked probation and ordered defendant remanded to custody. Defendant, then on bail on the burglary charge, ran out of the courtroom, knocked down a deputy sheriff, and escaped.

Defendant was charged with violation of Penal Code section 4532, subdivision (b) accomplished by force and violence. He pleaded guilty to that charge on November 21, 1977. On November 25, 1977, he entered a plea of guilty to the burglary charge in the second degree. The trial court sentenced defendant to state prison for both escape and burglary. The middle term for escape (three years) was used as the principal term, to which was cumulated a consecutive sentence for burglary second degree, consisting of one-third of the middle term (two years) for that offense or eight months. The defendant was thus committed for a total determinate term of three years and eight months.[1]

The contention is that escape may not be used as the principal term under the determinate sentence law because section 4532, subdivision (b) renders escape punishable by imprisonment in the state prison "to be served consecutively." Thus, the argument proceeds, another conviction, here the burglary second degree, must serve as the primary term with the escape to run consecutively thereto as a subordinate term. Under that formulation, defendant would be liable for imprisonment for two years, the middle term for burglary second degree (Pen. Code, §§ 18, 461) plus twelve months, being one-third of the three-year middle term for escape

---

[1] Probation having been revoked, the trial court also sentenced defendant to state prison for the term prescribed by law for receiving stolen property. The sentence was ordered to run concurrently with the terms for escape and burglary. This sentence was imposed under the Indeterminate Sentence Law (Pen. Code, §§ 1168, subd. (b), 1170).

by force. Thus under defendant's formulation, his determinate sentence would be for three years rather than three years and eight months.

Penal Code section 4532, subdivision (b), obviously does not require imposition of a consecutive term in every case of commitment to state prison because such is theoretically and practically impossible. Violation of Penal Code section 4532, subdivision (b) does not require as an element an antecedent felony conviction. The crime is committed as well by one who has merely been arrested, booked for, or charged with a felony and confined in jail or committed to the lawful custody of an officer and who then escapes. Obviously, one never convicted of an antecedent felony may commit the crime of escape and be punished therefor. In such a case, imposition of a consecutive term would not be possible.

In any event, the custody from which defendant absconded in this case was imposed in respect not to the burglary charge, upon which defendant was then free on bail, but in respect to the receiving stolen property conviction as to which probation had been revoked. Thus conceptually, even conceding arguendo the necessity for an escape term "to be served consecutively," there is no reason suggested by the statute or otherwise why the instant escape term should run consecutively to the burglary term; the confinement breached by defendant's escape related to the receiving conviction and probation violation, not to the burglary charge.

Here the trial court proceeded in compliance with Penal Code section 1170.1, subdivision (a), which provides that when a consecutive term is imposed upon a person convicted of two or more felonies, the aggregate term shall consist of the principal term plus the subordinate term, and the "principal term shall consist of the greatest term of imprisonment *imposed by the court* for any of the crimes" and the "subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed." The sentence imposed for receiving stolen property falls under the Indeterminate Sentence Law and in such cases the trial court "shall not fix the term . . . of imprisonment." (Pen. Code, § 1168, subd. (b).) As between the two terms of imprisonment "imposed by the court" (Pen. Code, § 1170.1, subd. (a)), escape and burglary, escape carries the "great[er] term of imprisonment" (Pen. Code, § 1170.1, subd. (a)), and thus properly constituted the principal term; the burglary of necessity became the subordinate term.

The sentences imposed by the trial court are in accordance with Penal Code section 1170.1, subdivision (a) and well within the limits of its discretion.

The judgments are affirmed.

Regan, J., and Paras, J., concurred.