[No. C014289. Third Dist. Aug. 17, 1993.]

THE PEOPLE, Plaintiff and Appellant, v.
CHARLES WILLIS SCOTT III, Defendant and Respondent.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Suzanne M. Ambrose, Deputy Attorneys General, for Plaintiff and Appellant.

Terrence M. Van Becker, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**DAVIS, J.**—In pertinent part, subdivision (b) of Penal Code section 4532 (undesignated section references will be to this code) provides that a violent or forcible escape from county jail by a prisoner convicted of (or facing prosecution for) a felony shall be punished by a term of two, four, or six years in the state prison "to be consecutive to any other term of imprisonment, commencing from the time the person would otherwise have been released from imprisonment and the term shall not be subject to reduction pursuant to subdivision (a) of Section 1170.1 . . . ." The issue we must resolve is the manner in which a trial court is to compute an aggregate term of consecutive sentences for multiple offenses when a forcible-escape conviction under section 4532 is included among them. We conclude the sentencing court must postpone consideration of the escape conviction in favor of first structuring the consecutive sentences for the remaining convictions in whatever manner it chooses. It then must select the appropriate term for the escape conviction, which must be imposed fully consecutive to the other terms. As this was not the procedure followed in the matter before us, we shall reverse and remand for resentencing.

## BACKGROUND

The defendant was a perpetrator of a series of crimes of theft and violence against the citizens of Butte County. In three sequential informations (in case

Nos. CM000312-CM000314), the People charged him with robbery (§ 211), vehicle theft (Veh. Code, § 10851, subd. (a)), and assorted misdemeanors. At a September 1991 sentencing hearing, the court set his term of confinement at six years[1] and remanded him to the custody of the sheriff for delivery to the Deuel Vocational Institute.

While housed in the county jail pending his transfer, the defendant committed a forcible escape and subsequently appropriated another person's vehicle. Ultimately apprehended in Nevada for armed robbery, he pled no contest to charges of violent escape (§ 4532, subd. (b)) and vehicle theft (Veh. Code, § 10851, subd. (a)) contained in the information in case No. CM000971.

At a June 1992 sentencing hearing, the court imposed the six-year upper term for the escape and deemed it the principal offense. It then designated as subordinate offenses the postescape vehicle theft and the pre-escape felonies, imposing consecutive sentences of one-third of the middle term for each. (The pre-escape misdemeanors continued in their concurrent status.) This amounted to a total prison term in California of nine years (apparently to be followed by a consecutive term of ten years in Nevada).

As this disposition was not in accordance with the recommendations of the probation department or the prosecution, the People appealed. (§ 1238, subd. (a)(10).) No notice of appeal appears in the record on behalf of the defendant.

## DISCUSSION

Section 1170.1, subdivision (a), prescribes the general scheme for calculating the length of consecutive sentences for multiple convictions. As the exact wording of this protracted provision is not in issue, we will not set it out. In essence, the trial court is required to designate the lengthiest offense (taking into account any pertinent concomitant enhancements) as the principal term. Any other consecutive offense is thereby relegated to subordinate status, in which the sentence imposed can be no more than one-third of the middle term for the offense (excluding enhancements).[2]

Ordinarily, a sentencing court may characterize a subsequent conviction as the new principal offense and subordinate any previous convictions to it,

---

[1]The court imposed the upper term of five years for the robbery and a one-year consecutive sentence for the vehicle theft, while imposing concurrent jail time for the misdemeanors.

[2]We ignore the exception within section 1170.1, subdivision (a) itself for the computation of the sentence for a subordinate offense that is a "violent felony," or the various other special cases that section 1170.1 sets out in other subdivisions.

even if the defendant has already been sentenced on those convictions. (*People* v. *Bozeman* (1984) 152 Cal.App.3d 504, 507 [199 Cal.Rptr. 343]; *In re Clawson* (1981) 122 Cal.App.3d 222 [175 Cal.Rptr. 732]; §§ 669, 1170.1, subd. (a).) This results in reducing the length of what had been previously a principal term to the "one-third of the midterm" length of a subordinate conviction. This is the course the trial court followed here—since the upper term for forcible escape exceeded that of any of the other felonies involved, the trial court selected it as the new principal term and subordinated the pre-escape robbery conviction to it. This resulted in shortening the sentence for the robbery. However, the history of section 4532 demonstrates this was not the result the Legislature intended.

From the time it was amended to conform to the determinate sentencing law (see Stats. 1976, ch. 1139, § 289, p. 5155), the pertinent portion of the statute provided, "Every prisoner . . . convicted of a felony who is confined in any county . . . jail . . . who escapes or attempts to escape from such county . . . jail . . . is guilty of a felony and, if such escape or attempt to escape was *not by force or violence*, is punishable by imprisonment in the state prison for 16 months, or two or three years *to be served consecutively*, or in the county jail not exceeding one year; provided, that if such escape or attempt to escape *is by force or violence*, such person is guilty of a felony and is punishable by imprisonment in the state prison for two, four, or six years *to be served consecutively*, or in the county jail not exceeding one year . . . ." (Stats. 1984, ch. 1432, § 7, p. 5026 [italics supplied].)[3] It can be seen that while the length of the sentence for forcible and nonforcible escapes differed, both were mandatory consecutive sentences.

This court was twice called upon to discuss the proper manner for sentencing under section 4532. In *People* v. *Jackson* (1979) 91 Cal.App.3d 767 [154 Cal.Rptr. 372], we held that merely because the prison term for escape was specified to be consecutive, this did not prevent a trial court from designating the escape conviction as the principal term and deeming other offenses to be subordinate to it. In 1980, this court held that the specification of a mandatory consecutive sentence did not of itself except section 4532 from the reduction in length prescribed by section 1170.1, subdivision (a) for subordinate terms. In particular, we highlighted the lack of any express exception in the statute to section 1170.1's general rule, or the failure of section 4532 to specify that the escapee was to serve a full term. (*People* v. *Jones* (1980) 110 Cal.App.3d 75, 77 [167 Cal.Rptr. 571].)

---

[3]Although there were numerous subsequent amendments of the statute between 1976 and 1984, none of them affected the pertinent language we have quoted other than to increase the term for forcible escape. (See Stats. 1978, ch. 579, § 38, p. 1995.)

In 1985, the Legislature amended the statute to its current form.[4] As section 4532, subdivision (b) now provides, "Every prisoner . . . convicted of a felony . . . who is confined in any county . . . jail . . . who escapes or attempts to escape from the county . . . jail . . . is guilty of a felony and, if the escape or attempt to escape was not by force or violence, is punishable by imprisonment in the state prison for 16 months, or two or three years *to be served consecutively,* or in the county jail not exceeding one year. If the escape or attempt to escape is by force or violence, the person is guilty of a felony and is punishable by imprisonment in the state prison *for a full term* of two, four, or six years *to be consecutive to any other term of imprisonment, commencing from the time the person would otherwise have been released from imprisonment* and the term shall not be subject to reduction pursuant to subdivision (a) of Section 1170.1, or in a county jail for a consecutive term not to exceed one year, that term to commence from the time the prisoner would otherwise have been discharged from jail." (Italics supplied.) As may be seen, the provisions with respect to nonforcible escape remained unchanged. However, not only was the term for forcible escape expressly declared exempt from reduction under section 1170.1, the Legislature added language (parallelling that previously mandated for consecutive jail terms) that the term was to be consecutive to *any* other term of imprisonment and would not *commence* until the escapee "would *otherwise* have been released from prison" (italics supplied).

If all the Legislature had intended to accomplish was remedying the shortcomings identified by *Jones, supra,* 110 Cal.App.3d 75, it would have been sufficient to add only the portion specifying that a consecutive escape sentence was not subject to reduction under section 1170.1. The Legislature, however, went further and added the provisions describing the manner in which the term for escape was to be aggregated to the remainder of the escapee's sentence. We are constrained to ascribe some significance to this language. (*People* v. *Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1555-1556 [258 Cal.Rptr. 75].) The most logical import to be drawn from the plain language of these provisions is that the Legislature additionally intended to abrogate the effect of *Jackson, supra,* 91 Cal.App.3d 767, by mandating that the term for the escape conviction should always be consecutive to any other pending or adjudicated felony charges.[5] Thus, the escapee's sentence is to be

---

[4]Again, certain nonpertinent amendments have occurred since then.

[5]It is conceivable that an escape conviction could also be the *sole* term if a pretrial felony detainee escapes and is ultimately acquitted of other felony charges after recapture. However, we do not think the failure of the Legislature expressly to provide for this rare event affects the manner in which we are to interpret the 1985 amendments.

calculated *without regard* to the escape conviction, *then* the full consecutive term for the escape is tacked on as an addition to the sentence.[6]

It was thus error for the trial court to designate the escape conviction as the principal term. Instead, the court should have considered only the second vehicle theft conviction in conjunction with reexaming the earlier-imposed sentence. The court then should have imposed a full consecutive term for the escape. Since this results in a significant reformulation of the defendant's aggregate term, the wiser course is to remand for resentencing rather than have us hazard a guess in the first instance as to the likely sentence that would have been imposed had the trial court been advised of our interpretation.[7]

## DISPOSITION

The judgment is reversed and remanded for further proceedings in accordance with the reasoning expressed in this opinion.

Blease, Acting P. J., and Sparks, J., concurred.

A petition for a rehearing was denied September 13, 1993.

---

[6]In light of the fact we have reached our conclusion solely on the basis of the language and history of section 4532, we need not consider the People's argument based on analogy to the treatment of in-prison and prison-escape offenses under section 1170.1, subdivision (c), which is not directly applicable to jailed convicted felons awaiting transfer to prison. (*People* v. *Holdsworth* (1988) 199 Cal.App.3d 253, 256-257 [244 Cal.Rptr. 782].)

[7]Since the matter must be remanded to the trial court, we decline to address the conduct credits argument raised by the defendant in his respondent's brief (expressing no view as to whether this was properly raised), as this is an argument more appropriately addressed by motion to the trial court in the first instance (*People* v. *Fares* (1993) 16 Cal.App.4th 954, 959-960 [20 Cal.Rptr.2d 314]), particularly as the defendant admits there is an incomplete record on which to determine this issue (*People* v. *Muniz* (1993) 16 Cal.App.4th 1083, 1088 [20 Cal.Rptr.2d 460]).