[No. C029575. Third Dist. Feb. 2, 2001.]

THE PEOPLE, Plaintiff and Appellant, v.
ROCKLAND FABER RIGGS, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Harry Joseph Colombo and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Appellant.

Michael Bacall, under appointment by the Court of Appeal, for Defendant and Appellant.

▬ 

## OPINION

**RAYE, J.**—A jury convicted defendant of receiving stolen property. (Pen. Code, § 496, subd. (a).)[1] He admitted having suffered one prior "strike," a 1995 robbery conviction (§ 211) arising out of an attempted shoplifting. The court, pursuant to section 1385, denied defendant's motion to dismiss the strike prior and sentenced him to the two-year prison midterm, doubled under section 1170.12, subdivision (c)(1).

At the time of sentencing, defendant was serving a sentence for a 1997 second degree burglary conviction (§ 459) in El Dorado County, also arising out of an attempted shoplifting, and the court resentenced defendant on the El Dorado County offense to a consecutive term of 16 months, i.e., one-third the two-year prison midterm pursuant to section 1170.1, subdivision (a), doubled.

Both parties appealed. Defendant contends that in denying the motion to dismiss the strike prior, the court failed to take into account certain "individualized considerations" pertaining to his background and the nature of the offense. The People assert the court erred by not ordering the sentence to run consecutive to the sentence previously imposed in El Dorado County. We shall affirm.

### DISCUSSION

#### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

#### II

When defendant appeared for sentencing, he stood convicted in Placer County of receiving stolen property in May 1997 and of a June 1997 burglary in El Dorado County. He had already been sentenced to a term of 16 months, doubled to 32 months because of a strike prior. The trial court, based on section 1170.1, subdivision (a), undertook to impose an aggregate sentence embracing both offenses; the terms of confinement were to run consecutively.[3]

Section 1170.1, subdivision (a), applies "when any person is convicted of two or more felonies . . . in different proceedings or courts, and whether by

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*See footnote, *ante*, page 1126.

[3] The version of section 1170.1 in effect at the time the crime was committed provided in pertinent part: "(a) Except as provided in subdivision (c) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in

judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170." As applied to an existing term of imprisonment, section 1170.1 provides that the aggregate term shall be the principal term ("the greatest term of imprisonment imposed . . . for any of the crimes") plus the subordinate term ("one-third of the middle term of imprisonment prescribed for each other felony conviction").[4]

The court selected the midterm of two years for receiving stolen property and one-third of the midterm for the previously adjudicated El Dorado burglary. Both terms were doubled under the "second strike" provisions of section 1170.12, for an aggregate term of five years, four months.

■ The People contend the sentence violates section 1170.12, which provides in pertinent part: "(a) Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions, as defined in subdivision (b), the court shall adhere to each of the following: [¶] . . . [¶] (8) Any sentence imposed pursuant to this section will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law."

---

different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1, and pursuant to Section 11370.2 of the Health and Safety Code. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to subdivision (c) of Section 186.10 or Section 667.15, 667.8, 667.83, 667.85, 12022, 12022.2, 12022.3, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, 12022.8, or 12022.9 of this code, and an enhancement imposed pursuant to Section 11370.4 or 11379.8 of the Health and Safety Code. The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for an offense that is not a violent felony for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. In no case shall the total of subordinate terms for these consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years. The subordinate term for each consecutive offense which is a 'violent felony' as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8), (9), or (17) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for an offense that is a violent felony for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 667.15, 667.8, 667.83, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.7, 12022.75, or 12022.9." (Stats. 1994, ch. 1188, § 12.7.)

[4]If the subordinate offense is a violent felony, as defined in section 667.5, an additional term must be added for any enhancements applicable to such term. In this case the trial court found the offense was not a violent felony.

According to the People, the phrase "imposed consecutive to any other sentence which the defendant is already serving" reflects "an intent that the sentence for the current offense is to be served *after* completion of the sentence the defendant was serving at the time of sentencing." They reason that "[i]f the initiative drafters intended for sentences pursuant to subdivision (a)(8) to be imposed consistent with section 1170.1, they would have specified that sentences for new convictions are to be served 'consecutively' with any sentence the defendant is currently serving rather than 'consecutive to' such a sentence."

This argument fails to give effect to the express exception set forth in section 1170.12, subdivision (a)(8), to wit, *"unless otherwise provided by law."* (Italics added.) The People say this language "logically refers to laws which would prohibit the imposition of consecutive sentences altogether." We disagree. The "unless" clause is not addressed to consecutive sentencing generally. It applies only when the current sentence is to be served "consecutive to any other sentence which the defendant is already serving." We are then directed to look to any other law that "otherwise provide[s]" for consecutive sentencing in that circumstance.[5] Such a law is to be found in section 1170.1, subdivision (a).

In *People v. Nguyen, supra,* 21 Cal.4th 197, the Supreme Court considered a case where "a defendant is convicted in a single proceeding of more than one felony carrying a determinate sentence" and the court elects to impose consecutive sentences. (*Id.* at p. 201.) As expressed by the court, "The issue presented here is how this consecutive sentence calculation is affected by the Three Strikes law, which provides that for a defendant with one prior conviction for a 'strike' (a violent or serious felony) 'the determinate term . . . shall be twice the term otherwise provided as punishment for the *current* felony conviction.' (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)" (21 Cal.4th at p. 202, italics added.)

The court concluded "the most natural reading of the provision at issue is that the sentencing court must designate principal and subordinate terms as required by section 1170.1, calculating the subordinate terms as one-third of the middle term (except when full-term consecutive sentences are otherwise permitted or required), and then double each of the resulting terms." (*People v. Nguyen, supra,* 21 Cal.4th at pp. 203-204.)

---

[5]The phrase "otherwise provided by law" is analogous to the provision "otherwise provided as punishment," applicable where a two strikes defendant is convicted of multiple current offenses. In the latter case, "the 'term otherwise provided as punishment' is determined by applying the consecutive sentencing scheme for determinate terms in section 1170.1." (*People v. Nguyen* (1999) 21 Cal.4th 197, 205 [87 Cal.Rptr.2d 198, 980 P.2d 905].)

*Nguyen* involved a defendant convicted and sentenced in a single proceeding for more than one felony. In *Nguyen*, the People asserted the three strikes law totally abrogated the sentencing scheme established by section 1170.1. Their argument here is more circumscribed. They contend that where a two strike defendant has already been sentenced for an offense, the sentence cannot be modified pursuant to section 1170.1 upon a subsequent conviction because of the command of section 1170.12, subdivision (a)(8) that "[a]ny sentence imposed pursuant to this section will be imposed consecutive to any other sentence which the defendant is already serving." Under the People's reasoning, a defendant tried and convicted of multiple offenses in a single proceeding is sentenced under the sentencing parameters set forth in section 1170.1, while a defendant tried and convicted in separate proceedings is not.

There is no reason to suspect the Legislature intended such disparate treatment. As the Supreme Court ruled in *Nguyen*, "unless the Three Strikes law expressly abrogates the relevant provisions of section 1170.1," the statute should be applied according to its terms and the resulting sentence doubled, consistent with the language of section 1170.12. (*People v. Nguyen*, *supra*, 21 Cal.4th at pp. 203-204.)

The Legislature knows how to "expressly abrogate" the provisions of section 1170.1. With respect to the penalties for escape, for example, the Legislature has provided the sentence is "to be served consecutively to any other term of imprisonment, commencing from the time the person would otherwise have been released from imprisonment and the term shall not be subject to reduction pursuant to subdivision (a) of Section 1170.1 . . . ." (§ 4532, subd. (b)(2); see *People v. Scott* (1993) 17 Cal.App.4th 1383, 1387 [22 Cal.Rptr.2d 46].) The three strikes law does not expressly abrogate subdivision (a) of section 1170.1. To the contrary, section 1170.12 provides the sentence will be imposed consecutive to any other sentence which the defendant is already serving, "*unless otherwise provided by law*." (§ 1170.12, subd. (a)(8), italics added.) Section 1170.1 "otherwise provide[s]."

Our dissenting colleague proposes a different form of disparate treatment for defendants convicted of multiple felonies in different proceedings. He would conclude the one-third-the-midterm sentencing provision of section 1170.1 applies but the doubling provision of the three strikes law applies only to convictions secured in the last proceeding.

Here, defendant committed the El Dorado County burglary after receiving stolen property in Placer County. Charges were pending in both counties, but the El Dorado prosecution proceeded to judgment first. Defendant was convicted of burglary and sentenced to a 16-month prison term, doubled

because of a prior strike to 32 months. The Placer conviction for receiving stolen property followed thereafter. The dissent reasons that section 1170.1 applies but section 1170.12, subdivision (c)(1) only permits the doubling "as punishment for the current felony conviction." Defendant's "current" felony conviction, according to the dissent, is the conviction for receiving stolen property; the burglary conviction, being earlier in time, cannot be a "current" conviction.

Under the dissent's reasoning, defendant's 32-month burglary sentence should thus be vacated and defendant resentenced, without consideration of his prior strike, to an eight-month term. This term would be served consecutive to a second strike sentence of four years for receiving stolen property. The effect of the dissent's approach is to render the three strikes law inapplicable to earlier convictions where a defendant is later convicted in a separate proceeding and resentenced under the subordinate term provisions of section 1170.1, subdivision (a).

Neither party advanced the dissent's position and we do not find it persuasive. The term "current," as used in 1170.12, subdivision (c)(1), distinguishes the convictions for which defendant is to be sentenced from the "prior" convictions which serve as strikes. The subdivision reads: "If a defendant has one *prior* felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the *current* felony conviction." (§ 1170.12, subd. (c)(1), italics added.)

Here, all of the convictions for which defendant was sentenced were "current" convictions, as they were offenses currently before the court for disposition, as distinguished from the "prior felony conviction" that served as a strike. The trial court correctly discerned this distinction and properly applied both the three strikes law and section 1170.1, subdivision (a) in arriving at an appropriate sentence.

DISPOSITION

The judgment is affirmed.

Morrison, J., concurred.

**BLEASE, Acting P. J.,** Concurring and Dissenting.—I concur in the opinion insofar as it holds the phrase "otherwise provided by law" in Penal Code section 1170.12, subdivision (a)(8) invokes the subordinate term provisions of section 1170.1, subdivision (a). Pursuant to the latter provision the trial

court correctly imposed an eight-month consecutive term on resentencing for the defendant's prior conviction for burglary.

However, I dissent from the majority's holding that the eight-month term for that *prior* conviction is a "term otherwise provided as punishment for the *current* felony conviction," which must be doubled under Penal Code section 1170.12, subdivision (c)(1). (Italics added.) The defendant's only *current conviction* is for receiving stolen property and the term of two years imposed for that offense was doubled under section 1170.12, subdivision (c)(1). That subdivision is the governing law and its terms are controlling.

Penal Code section 1170.12, subdivision (c)(1) provides that "[i]f a defendant has one prior felony conviction . . . the . . . term [for that conviction] shall be twice the term otherwise provided as punishment for the *current felony conviction.*" (Italics added.) This manifestly does not read "twice the term otherwise provided upon a current resentencing for a prior conviction pursuant to section 1170.1."[1]

The majority opinion engages in an extensive policy argument that the term "current conviction" should mean current resentence for a *prior conviction* because the sentence for the *prior* conviction had been enhanced pursuant to Penal Code section 1170.12 in the *prior* proceeding. With all due respect, that policy argument, however persuasive, should be addressed to the Legislature or to the People, whose initiative led to section 1170.12.[2]

We have no common law power to amend the plain terms of a statute, let alone the terms of a criminal statute. "In the construction of a statute . . . the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ." (Code Civ. Proc., § 1858.) "In California all crimes are statutory and there are no common law crimes. Only the Legislature and not the courts may make conduct criminal." (*In re Brown* (1973) 9 Cal.3d 612, 624 [108 Cal.Rptr. 465, 510 P.2d 1017].)

By what judicial alchemy a resentence imposed for a prior conviction becomes a current conviction I do not know. There is no support for that result to be found in the language of Penal Code section 1170.12.

That the terms "prior" and "current" distinguish between convictions in different proceedings is uniformly seen wherever the terms "prior conviction" and "current conviction" are used in Penal Code section 1170.12. (See

---

[1]It is helpful when construing a statute to formulate the application of a perceived policy in the clearest terms possible and then compare the language thus conceived with the actual language of the statute. That will reveal what is being added or subtracted.

[2]See the identical provisions in Penal Code section 667, subdivision (c)(8).

subds. (a)(3), (a)(6), (a)(7), (c)(1), (c)(2)(A).) Section 1170.12 implicates prior *non*serious or *non*violent felonies only in the context of consecutive sentencing, at issue in this case. Subdivision (a)(8) provides that "[a]ny sentence imposed pursuant to this section will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law." It presupposes an enhanced sentence has already been "imposed" under section 1170.12 for the current conviction. In this case it was doubled.

The reference to "otherwise provided by law," in Penal Code section 1170.12, subdivision (a)(8) has nothing to do with a further enhancement. It refers, as the majority opinion has concluded, to an *exception* to the requirement the current enhanced sentence be served consecutive to the sentence "the defendant is already serving . . . ." The exception is found in Penal Code section 1170.1. It seems a simple matter of logic that an exception is not subject to that as to which it is an exception. Having got to section 1170.1 by means of section 1170.12, subdivision (a)(8), its terms and only its terms must be applied. Section 1170.1 says nothing about enhancing the defendant's sentence under section 1170.12. That we got to section 1170.1 by means of section 1170.12 may seem an anomaly to my colleagues, because the application of section 1170.1 undoes the prior enhancement imposed upon the defendant under section 1170.12. But it is an anomaly of the Legislature's making.

*People v. Nguyen* (1999) 21 Cal.4th 197 [87 Cal.Rptr.2d 198, 980 P.2d 905] does not hold otherwise. The subordinate term provisions of Penal Code section 1170.1 apply "when any person is convicted of two or more felonies, whether in the same proceeding . . . or in different proceedings." In *Nguyen*, the defendant was convicted of two felonies in the "same" proceeding. Accordingly, both felonies involved *current* convictions and both properly were doubled pursuant to Penal Code section 1170.12, subdivision (c)(1). *Nguyen* is not to be read to apply to the case, as here, of resentencing based upon two felonies arising from "different proceedings," a circumstance necessarily involving a prior conviction.

I would apply the plain language of the statute.