[No. C036033. Third Dist. June 20, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVE BYRD, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

  \*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I., II. and III. of the DISCUSSION.

## COUNSEL

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, John G. McLean and Mary Jo Graves, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—In this case arising under the "Three Strikes" law, defendant Steve Byrd appeals from a judgment following his conviction for 12 counts of robbery (Pen. Code, § 211[1]), one count of mayhem (§ 203), one count of attempted premeditated murder (§§ 664/187, subd. (a)), and one count of possession of a firearm by a convicted felon (§ 12021, subd. (a)(1)), with enhancements for personal use of a firearm (§ 12022.53, subd. (b)), personal discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)), and three serious felony prior convictions (§ 667, subds. (a)-(i)).

[1]Undesignated statutory references are to the Penal Code.

Defendant was sentenced to state prison for a determinate term of 115 years, plus an indeterminate term of 444 years to life.

On appeal, defendant raises claims of evidentiary and sentencing error, and prosecutorial misconduct in closing argument. In the published portion of the opinion, we reject defendant's contentions that the trial court erred in calculating his sentence and that his sentence constitutes cruel and/or unusual punishment. In the unpublished portion of the opinion, we reject defendant's other contentions of prejudicial error. We shall therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged as follows:

Counts 1 through 12—robbery (§ 211) of various fast-food restaurants between February 17, 1998, and March 2, 1998;

Count 13—mayhem (§ 203) on March 2, 1998, by depriving Antonio G. of a member of his body, to wit, kidney, liver, pancreas and gallbladder, and scarring his torso, thereby disabling, disfiguring and rendering the above parts of the body useless;

Count 14—attempted murder (§§ 664/187) of Antonio G. on March 2, 1998;

Count 15—possession of a firearm by a convicted felon (§ 12021, subd. (a)(1)), based on a 1984 robbery conviction.

The information also alleged defendant personally used a firearm in the commission of counts 1 through 14 (§ 12022.53, subd. (b)); personally discharged a firearm causing great bodily injury to Antonio G. in counts 11 through 14 (§ 12022.53, subd. (d)); and had three serious felony prior convictions (§ 667, subds. (a)-(i)) for robberies in Los Angeles in 1980, 1984, and 1990.

The evidence adduced at trial showed that between February 17 and March 2, 1998, numerous armed robberies were committed at fast-food restaurants in Sacramento. The suspect in each crime was an African-American man, armed with a revolver. In the last robbery, a Spanish-speaking employee was shot in the abdomen when he did not respond to the assailant's demand for money. The victim underwent emergency surgery for the gunshot wound, which injured his liver, stomach, pancreas and

intestines. A kidney, which was irreparably damaged by the gunshot, was removed during surgery.

Defendant was arrested on March 11, 1998. He had in his possession a newspaper article about the robberies. His palm print was found on the counter of one of the fast-food restaurants. He was positively identified by witnesses in each of the crimes.

Defendant testified at trial, against the advice of his trial attorney.[2] He denied committing any of the offenses which are the subject of this prosecution. He admitted that, at the time of his arrest, he was in possession of a newspaper article about the crimes, which he said was given to him by a friend. He admitted he had prior theft-related convictions in 1980, 1984, and 1990 (admitted at trial for the limited purpose of impeachment). He admitted he wrote, in a letter from jail to a friend, "God, I wish I would have never come out here. Yes, I was on the news and in the newspaper. That's why I'm going to get my case out of Sacramento." During cross-examination, defendant replied "I guess" or "If you say so" to most of the prosecutor's questions, and said to the prosecutor, "Why don't you just go ahead and give me the 400 years you want to give me." When defendant repeated the comment, the trial court interjected: "The jury will ignore any statements made about the sentencing issues. . . . I do not want the jury to speculate about any sentencing. If, and there's a big if, you find the defendant guilty, ignore any statements made about sentencing. That's for the Judge, not for the jury, not for [defendant]; that's for me. Disregard any statements about sentencing."

The jury found defendant guilty on all counts and found true all enhancement allegations under section 12022.53.

Defendant waived jury trial on the prior conviction allegations, and the trial court found them to be true.

The trial court denied defendant's motion for a new trial and motion to strike the prior convictions.

The trial court sentenced defendant to state prison for a determinate term of 115 years, plus an indeterminate term of 444 years to life, as follows:

---

[2] At the hearing on his motion for a new trial, defendant said he took the witness stand at trial because "I just wanted to let the jury know how much time I was facing." In denying the motion for new trial, the court noted it was clear defendant took the stand at trial not to put on a defense but to try to obtain jury nullification by bringing into the trial issues of penalty.

*Determinate Sentence*:

—Ten consecutive terms of 10 years for the firearm use enhancements (§ 12022.53, subd. (b)) in counts 1 through 10 (robberies);[3]

—Five-year terms for each of the three serious felony prior convictions (§ 667, subd. (a)).

*Indeterminate Sentence*:

—Fully consecutive terms of 30 years to life for the robberies in counts 1 through 10 (§ 667, subd. (e)(2)(A)(iii));[4]

—A consecutive term of 70 years to life for the robbery in count 11 (§ 667, subd. (e)(2)(A)(iii));[5]

—A consecutive term of 74 years to life for attempted murder in count 14 (§ 667, subd. (e)(2)(A)(iii)).[6]

Pursuant to section 654, the trial court stayed terms of 70 years to life for count 12 (robbery), 73 years to life for count 13 (mayhem), and 25 years to life for count 15 (felon in possession of firearm).

## DISCUSSION

I.-III.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[3]The court stated "Consecutive sentencing is being ordered under the determinate sentencing law for the first ten counts due to the separate acts of violence in each case."

[4]The terms in each of counts 1 through 10 were calculated pursuant to section 667, subdivision (e)(2)(A)(iii) as follows: the aggravated term of five years for robbery, plus 10 years for personal use of a firearm under section 12022.53, subdivision (b), plus 15 years for the prior convictions under section 667, subdivision (a).

[5]The term in count 11 was calculated as follows: the aggravated term of five years for the robbery, plus 25 years under section 12022.53, subdivision (d), for personal discharge of a firearm causing great bodily injury, plus 15 years under section 667, subdivision (a), plus 25 years to life for the firearm use enhancement (§ 12022.53, subd. (d)).

[6]The term in count 14 was calculated as follows: The aggravated term of nine years for attempted murder, plus two 25-year enhancements (§ 12022.53, subd. (d)), plus 15 years (§ 667, subd. (a)).

*See footnote, *ante*, page 1373.

IV. *The Trial Court Correctly Computed Defendant's Sentence on Counts 2 Through 10*

■ Defendant contends the trial court erroneously computed his sentence on counts 2 through 10. We shall ultimately reject this contention. However, we shall first explain what the trial court did.

The trial court sentenced on counts 2 through 10 by applying section 667, subdivision (e)(2)(A)(iii), which provides as follows:[8] "(e) For purposes of subdivisions (b) to (i) inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] . . . [¶] (2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] . . . [¶] (iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046."

For each count, the trial court calculated a minimum term of an indeterminate sentence, pursuant to section 1170, as follows: The aggravated term of five years for robbery (§ 213, subd. (a)(2)), plus 10 years for personal use of a firearm under section 12022.53, subdivision (b), plus five years each (total of 15 years) for defendant's three prior serious felony convictions under section 667, subdivision (a). The minimum term of the indeterminate sentence on each count was therefore 30 years.

The trial court then ran each of these terms fully consecutive pursuant to section 667, subdivision (e)(2)(B), which provides in relevant part:[9] "The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law." This language requires that full-term consecutive sentences be imposed. (*People v. Ayon* (1996) 46 Cal.App.4th 385, 394 [53 Cal.Rptr.2d 853], disapproved on another point in *People v. Deloza* (1998) 18 Cal.4th 585, 600, fn. 10 [76 Cal.Rptr.2d 255, 957 P.2d 945].)

Defendant contends the sentence imposed on counts 2 through 10 is erroneous in two respects.

First, he argues that the trial court incorrectly computed the minimum term of the indeterminate term for each count. He notes that, for each count

---

[8] Substantially identical language is found in section 1170.12, subdivision (c)(2)(A)(iii).
[9] Substantially identical language is found in section 1170.12, subdivision (c)(2)(B).

in counts 2 through 10, the trial court added a total of 15 years for his three prior-serious-felony-conviction enhancements. (§ 667, subd. (a).) Citing *People v. Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], defendant argues that his prior serious felony convictions are status enhancements that may be used only once where consecutive sentences are imposed. Defendant says that since the serious felony enhancements were used to compute his sentence on count 1, they may not be used again in counts 2 through 10.

We do not agree with this argument. *People v. Tassell, supra,* 36 Cal.3d 77, reached its conclusion by relying on section 1170.1, subdivision (a), concerning consecutive sentencing. Thus, *Tassell* said, "[s]ection 1170.1, subdivision (a) starts out by stating the basic rule that when a person is convicted of two or more felonies, the total sentence consists of (1) the principal term, (2) the subordinate term, and (3) any enhancements for prior convictions. In so doing, it makes it very clear that enhancements for prior convictions do not attach to particular counts but instead are added just once as the final step in computing the total sentence." (*People v. Tassell, supra,* 36 Cal.3d at p. 90, fn. omitted.)

*Tassell* is inapposite because it relies on section 1170.1, and section 1170.1 does not apply to the sentencing of defendant, who has at least two prior strikes. Thus, where a defendant with at least two strikes is sentenced for multiple offenses, the minimum term for each indeterminate life term (under § 667, subd. (e)(2)(A)(iii)) is calculated separately for each new offense, without regard to the other new offenses. (*People v. Nguyen* (1999) 21 Cal.4th 197, 205 [87 Cal.Rptr.2d 198, 980 P.2d 905]; *People v. Ayon, supra,* 46 Cal.App.4th at p. 392; see *People v. Thomas* (1997) 56 Cal.App.4th 396, 400 [65 Cal.Rptr.2d 425], and authorities cited therein.) "The consecutive sentencing provisions of section 1170.1 simply have no relevance in this context." (*People v. Nguyen, supra,* 21 Cal.4th at p. 206.) Therefore, in computing the minimum term for each determinate term on counts 2 through 10, the trial court correctly included, on each term, a total of 15 years for defendant's three prior serious felony convictions incurred pursuant to section 667, subdivision (a).

Defendant also argues that the terms on counts 2 through 10 were computed incorrectly because, for each count, the trial court should have imposed one-third of the middle term for each robbery offense, plus one-third of the enhancement for firearm use. Defendant points to the fact that section 667, subdivision (e)(2)(A)(iii) instructs the court to compute the minimum term of his indeterminate term "pursuant to section 1170." Defendant reasons that this statutory command required the trial court to use "one-third of

the applicable term for each offense, plus one-third of the applicable enhancement."

However, section 1170 does not speak to the computation of subordinate terms. Rather, that direction is provided by section 1170.1, which says in relevant part, "[t]he subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." However, as we have said, section 1170.1 simply does not apply to the computation of the minimum term of the indeterminate term in this context. (*People v. Nguyen, supra,* 21 Cal.4th at p. 206.)

Nor does section 1170.1 require a reduction of the 30-year-to-life consecutive terms imposed by the trial court on counts 2 through 10, even when the sentence on those counts is viewed in the aggregate. The terms imposed on counts 2 through 10 are all *indeterminate* terms.[10] Section 1170.1 does not apply to consecutive *indeterminate* terms of imprisonment. (*People v. Felix* (2000) 22 Cal.4th 651, 656 [94 Cal.Rptr.2d 54, 995 P.2d 186].)

Defendant cites this court's recent decision in *People v. Riggs* (2001) 86 Cal.App.4th 1126 [103 Cal.Rptr.2d 890].[11] In *Riggs,* a jury found the defendant guilty of receiving stolen property (§ 496, subd. (a)), and the defendant admitted having one prior strike, a robbery conviction (§ 211). At the time of sentencing, the defendant was serving a 32-month sentence for a separate second degree burglary conviction (§ 459). The trial court imposed an aggregate term embracing both offenses, the two-year prison midterm for receiving stolen property, doubled under the Three Strikes law (§ 1170.12, subd. (c)(1)), and a consecutive term of 16 months, one-third the two-year prison midterm for the burglary, computed pursuant to section 1170.1, subdivision (a), and then doubled as a second strike.

We affirmed in *Riggs.* We noted that section 1170.12, subdivision (a)(8) provides: "Any sentence imposed pursuant to this section will be imposed consecutive to any other sentence which the defendant is already serving, unless *otherwise provided by law.*" (Italics added.)[12] We said that section 1170.1 is the law "otherwise provided" to which section 1170.12, subdivision (a)(8), refers. Thus, we concluded the sentencing court must designate

[10]Section 667, subdivision (e)(2)(A) provides in pertinent part for "an indeterminate term of life imprisonment."

[11]We refer to our final opinion in *Riggs* after our grant of rehearing, which we issued after defendant in this case filed his supplemental brief.

[12]Identical language is found in section 667, subdivision (c)(8).

principal and subordinate terms as required by section 1170.1, calculating the subordinate terms as one-third of the middle term (except when full-term consecutive sentences are otherwise permitted or required), and then double each of the resulting terms. We concluded the trial court correctly applied section 1170.1 in calculating the defendant's sentence. (*People v. Riggs, supra,* 86 Cal.App.4th at pp. 1128-1132.)

*Riggs* has no application here. It depended on language contained in section 1170.12, subdivision (a)(8), which, by its terms, applies when a term is imposed "consecutive to any other sentence which the defendant is already serving." Here, defendant was not already serving a sentence when he was sentenced in this case, and neither section 1170.12, subdivision (a)(8), nor its counterpart, section 667, subdivision (c)(8), had any application to defendant's sentencing.

The trial court correctly sentenced defendant on counts 2 through 10. Defendant's arguments to the contrary are not meritorious.

### V. *Defendant's Sentence Does Not Subject Him to Cruel and/or Unusual Punishment*

■■■ Defendant claims his sentence of 115 years plus 444 years to life violates the constitutional ban on cruel and/or unusual punishment, under the Eighth Amendment of the United States Constitution[13] and article I, section 17 of the California Constitution.[14] For reasons that follow, we reject defendant's contention.

In *People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1134-1137 [46 Cal.Rptr.2d 351], we concluded that defendant's sentence, under the Three Strikes law, of 375 years to life and a determinate term of 53 years, was not cruel and/or unusual under either the federal or state Constitution. That discussion applies fully to this case, and we need not reiterate it here. Suffice it to say that, given the fact that defendant in this case committed 12 armed robberies, that he shot, severely wounded, and permanently disabled an innocent victim in one of them, and that he had three prior serious felony convictions for robbery, the sentence imposed upon him was neither cruel nor unusual. (*Cartwright, supra,* 39 Cal.App.4th at pp. 1134-1137.)

Defendant relies upon the concurring opinion of Justice Mosk in *People v. Deloza* (1998) 18 Cal.4th 585, 600-601 [76 Cal.Rptr.2d 255, 957 P.2d 945].

[13]The Eighth Amendment of the United States Constitution prohibits infliction of "cruel and unusual punishments." This prohibition is applicable to the states by virtue of its incorporation in the due process clause of the Fourteenth Amendment. (See *Robinson v. California* (1962) 370 U.S. 660, 667 [82 S.Ct. 1417, 1420-1421, 8 L.Ed.2d 758, 763].)

[14]Article I, section 17 of the California Constitution provides in relevant part: "Cruel or unusual punishment may not be inflicted . . . ."

In *Deloza,* the defendant was sentenced to a total of 111 years in prison. In the view of Justice Mosk, "A sentence of 111 years in prison is impossible for a human being to serve, and therefore violates both the cruel and unusual punishments clause of the Eighth Amendment to the United States Constitution and the cruel or unusual punishment clause of article I, section 17 of the California Constitution." (*Ibid.*) Justice Mosk continued, "A grossly excessive sentence can serve no rational legislative purpose, under either a retributive or a utilitarian theory of punishment. It is gratuitously extreme and demeans the government inflicting it as well as the individual on whom it is inflicted. Such a sentence makes no measurable contribution to acceptable goals of punishment." (*Id.* at pp. 601-602.)

We respectfully disagree with Justice Mosk.

█ Preliminarily, we note that "no opinion has value as a precedent on points as to which there is no agreement of a majority of the court. [Citations.]" (*People v. Stewart* (1985) 171 Cal.App.3d 59, 65 [215 Cal.Rptr. 716]; see *People v. Ceballos* (1974) 12 Cal.3d 470, 483 [116 Cal.Rptr. 233, 526 P.2d 241].) █ Because no other justice on our Supreme Court joined in Justice Mosk's concurring opinion, it has no precedential value.

In any event, we respectfully disagree with Justice Mosk's analysis. In our view, it is immaterial that defendant cannot serve his sentence during his lifetime. In practical effect, he is in no different position than a defendant who has received a sentence of life without possibility of parole: he will be in prison all his life. However, imposition of a sentence of life without possibility of parole in an appropriate case does not constitute cruel or unusual punishment under either our state Constitution (*People v. Young* (1992) 11 Cal.App.4th 1299, 1308-1311 [15 Cal.Rptr.2d 30]) or the federal Constitution. (*Harmelin v. Michigan* (1991) 501 U.S. 957 [111 S.Ct. 2680, 115 L.Ed.2d 836] [sentence of life without possibility of parole not cruel and unusual for possession of 672 grams of cocaine].)

Moreover, in our view, a sentence such as the one imposed in this case serves valid penological purposes: it unmistakably reflects society's condemnation of defendant's conduct and it provides a strong psychological deterrent to those who would consider engaging in that sort of conduct in the future.

We therefore conclude that defendant's sentence does not inflict cruel and/or unusual punishment, under either the state or federal Constitution, even though defendant cannot serve his sentence during his lifetime.

## DISPOSITION

The judgment is affirmed.

Nicholson, J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 19, 2001. Chin, J., did not participate therein.