Filed 4/26/13  P. v. Johnson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MAURICE JOHNSON,<br><br>    Defendant and Appellant. | B241562<br><br>(Los Angeles County<br>Super. Ct. No. NA090680) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Arthur H. Jean, Jr., Judge.  Affirmed.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Lawrence M. Daniels and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Maurice Johnson appeals from his convictions of attempted murder, shooting at an occupied motor vehicle, assault with a firearm and possession of a firearm by a felon. He contends: (1) imposition of a Penal Code section 667.5 enhancement on two counts was error; (2) the trial court failed to state valid reasons for selecting the upper term; and (3) trial counsel was ineffective in failing to object to these two sentencing errors.[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Because defendant does not challenge the sufficiency of the evidence, a detailed statement of facts is not necessary. It is sufficient to state that in the early morning hours of October 31, 2011, Douglas Price sustained two gunshot wounds when defendant fired multiple rounds from a .22-caliber rifle at Price, while Price was sitting in his car.

Defendant was charged in a Third Amended Information with attempted murder (count 1); shooting at an occupied vehicle (count 2); assault with a firearm (count 3); and possession of a firearm by a felon (count 4).[2] As to all counts, three section 667.5 prior prison terms were alleged. As to counts 1 and 2, section 12022.53, subdivisions (b), (c) and (d) gun use enhancements were also alleged. As to counts 1 and 3, section 12022.7 great bodily injury enhancements were alleged. Defendant pled guilty to count 4 and admitted the prior conviction allegations. The jury found defendant guilty of counts 1, 2 and 3 and found true the gun use and great bodily injury enhancements as to each of those counts. Defendant was sentenced to a total of 37 years to life in prison comprised of:

---

[1]     All future undesignated statutory citations are to the Penal Code.

[2]     Defendant was also charged with a second assault with a firearm count (count 6) and possession of ammunition by a felon (count 5). The trial court granted defendant's section 1118.1 motion as to count 6 and the People's motion to dismiss count 5 in the interests of justice.

- Count 1 (attempted murder)

  Thirty-seven years to life (the upper term of 9 years, plus 1 year for each of three section 667.5 prior prison terms, plus 25 years to life for the section 12022.53, subdivision (d) gun use enhancement); the section 12022.7 great bodily injury enhancement was stayed pursuant to section 654.

- Count 4 (felon in possession of a firearm)

  The upper term of 3 years to run concurrently.

- Count 2 (shooting at an occupied motor vehicle)

  Thirty-two years to life (the upper term of 7 years, plus 25 years to life for the section 12022.53, subdivision (d) gun use) stayed pursuant to section 654.

- Count 3 (assault with a firearm)

  Fourteen years (the upper term of 4 years, plus 10 years for the section 12022.5 gun use) stayed pursuant to section 654.

Defendant timely appealed.

## DISCUSSION

A.    *Imposition of the Section 667.5 Enhancement Was Not Error*

Defendant contends the trial court erred in imposing a section 667.5 prior prison enhancement on both counts one and four. The People counter that the record shows the trial court imposed three section 667.5 enhancements only on count 1, the attempted murder charge. Neither side is quite right. The court correctly imposed three, one-year prior prison term enhancements as part of its sentence, but those terms were not tied to any particular count. The parties agree that that defendant had served three separate prior prison terms without a wash-out period, thus qualifying for an enhancement for each prior prison term under section 667.5. Prior prison term enhancements are not imposed on a particular count; instead, where they are applicable, the enhancements are imposed

3

as part of the overall sentence. Our Supreme Court has held that so-called status enhancements – those that are based on defendant's prior record, for example – are distinguished from crime specific enhancements such as when a defendant has caused great bodily injury or used a firearm. (*People v. Tassell* (1984) 36 Cal.3d 77, 90, overruled on another ground by *People v. Ewoldt* (1994) 7 Cal.4th 380, 387; *People v. Byrd* (2001) 89 Cal.App.4th 1373, 1380.) Status enhancements are imposed once per case, irrespective of the number of counts of which a defendant has been convicted. As *Tassell* summarized: "[E]nhancements for prior convictions do not attach to particular counts but instead are added just once as the final step in computing the total sentence." (*Tassell,* at p. 90.) The record shows the trial court did exactly that by imposing a one-year enhancement for each of the three prior prison terms, for a total of an additional three years. There was no error.

B.      *Defendant Forfeited His Challenge to the Trial Court's Statement of Reasons*

Defendant contends the trial court failed to state valid reasons for imposing the upper term on all counts. He argues that imposition of the high term cannot be based on the decision to select concurrent rather than consecutive sentences on other counts. We conclude that defendant's failure to timely object constitutes a forfeiture of the claim. Even if there was no forfeiture, the trial court correctly applied California sentencing laws.

Where a statute specifies three potential terms of imprisonment, the trial court must select one of the specified terms. (§ 1170, subd. (a)(3).) The choice rests within the trial court's sound discretion and it must select the term which, exercising discretion, it believes best serves the interest of justice. (§ 1170, subd. (b).) It must state its reasons for the selection on the record. (*Ibid.*; see also Cal. Rules of Court, rule 4.420(e).) In making its selection, the trial court "may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision." (Rule 4.420(b).) One of the circumstances in aggravation that the court may consider is that "[t]he defendant was convicted of other crimes for which consecutive sentences

4

could have been imposed but for which concurrent sentences are being imposed." (Rule 4.421(a)(7).)

Here, the trial court explained its selection of the high term on count one as follows: "The court chooses the high base term of nine years. And I do that because I intend to, in count four, to run a concurrent sentence, not any other time for the ex-con with a gun. That was a separately punishable offense, but I am not going to add any more time. I choose the high base term of nine years." The trial court did not give any additional explanation for its selection of the three-year high term on count 4, which it ordered to run concurrently to count 1, or on counts 2 and 3 which it stayed pursuant to section 654. Asked whether he had any thoughts on sentencing, defense counsel stated, "I will file a notice of appeal."

By not objecting to the trial court's stated reasons for selecting the high term, defendant forfeited his claim that those reasons were improper. (*People v. Velasquez* (2007) 152 Cal.App.4th 1503, 1511-1512.) Even if the claim was not forfeited, we would find no error since the trial court's reason is among those listed in California Rules of Court, rule 4.421(a).

C.     *Defendant Has Not Established Ineffective Assistance of Counsel*

Defendant contends he received ineffective assistance of counsel as a result of his trial counsel's failure to object to the trial court's imposition of the section 667.5 prior prison term enhancements and statement of reasons for the selection of the high term on all counts. We conclude there was no ineffective assistance.

"A cognizable claim of ineffective assistance of counsel requires a showing 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed . . . by the Sixth Amendment.' . . . '[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.' " (*People v. Jones* (2009) 178 Cal.App.4th 853, 859-860, citations omitted.) The failure to make a meritless objection does not constitute ineffective assistance of counsel. (*People*

5

*v. Cunningham* (2001) 25 Cal.4th 926, 1038 [failure to object to claimed prosecutorial misconduct is not ineffective assistance of counsel when there was no misconduct].)

Here, since we have found the trial court's imposition of the three one-year section 667.5 prior prison term enhancements and the court's reason for selecting the high term were legally correct, defendant has failed to establish trial counsel was ineffective for failing to make a meritless objection to those sentencing choices.

**DISPOSITION**

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.

6