Filed 9/20/13  P. v. Bacha CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SAMMY BACHIR BACHA,<br><br>    Defendant and Appellant. | G046373<br><br>(Super. Ct. No. 10NF2074)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed as modified.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Upon being convicted of multiple child sex crimes, appellant was sentenced to an indeterminate prison term of 180 years to life under the Three Strikes law.  He

contends that because he will not be able to serve his sentence within his lifetime, it is cruel and unusual as a matter of law. He also makes an unopposed request that we modify the abstract of judgment to reflect the trial court's ruling on the issue of victim restitution. We grant the request to amend the abstract and affirm the judgment in all other respects.

## FACTS

We need not set forth a detailed statement of facts to resolve appellant's sentencing claim because, as he admits, it involves a "pure question of law" and is "not fact-based." Suffice it to say, the record shows appellant repeatedly sexually molested his girlfriend's daughter when she was 10 and 11 years old. He was convicted of six counts of lewd conduct with a child and one count of attempting to commit a lewd act on a child. (Pen. Code, §§ 288, subd. (a), 664.)[1] As to four of the counts, the jury found appellant had substantial sexual conduct with the victim, thus prohibiting a grant of probation. (§1203.066, subd. (a)(8).)

In a bifurcated proceeding, the trial court found true allegations appellant had previously been convicted of one serious felony and six violent "strike" felonies. (§ 667, subds. (a), (d), (e)(2)(A).) The court also found appellant had served a prior prison term. (§ 667.5, subd. (b).)

Pursuant to the Three Strikes law, the trial court imposed consecutive terms of 25 years to life on each of the underlying counts. It then added a five-year term for the prior serious felony conviction, bringing appellant's total term of imprisonment to 180 years to life.

I

---

[1] All further statutory references are to the Penal Code.

2

Appellant argues his sentence is cruel and unusual under the state and federal Constitutions. (Cal. Const., art. I, § 17; U.S. Const. 8th Amend.) We disagree.

Appellant's argument is based on the undeniable truth that he will die in prison before he is eligible for parole. He asserts that no matter what crimes he committed in this case or others, his sentence is unconstitutional as a matter of law because it effectively amounts to a term of life in prison without the possibility of parole (LWOP). He objects to the *label* attached to his sentence, arguing it offends the notion of human dignity to call his sentence "indeterminate," when everyone knows his death will precede his parole eligibility date.

Appellant's call for greater truth in sentencing is directed to the wrong branch of government. While the judiciary has the constitutional authority to declare a particular criminal sentence cruel and unusual, the power to determine the appropriate penalty for crimes lies within the legislative branch. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 552.) Evolving standards of human decency have led to a ban on certain types of punishment for certain types of offenders. For example, the United States Supreme Court has determined that juvenile offenders cannot be sentenced to death or LWOP. (*Roper v. Simmons* (2005) 543 U.S. 551; *Miller v. Alabama* (2012) 567 U.S. __ [132 S.Ct. 2455]; see also *People v. Caballero* (2012) 55 Cal.4th 262, 272 [110-year-to-life sentence imposed on juvenile offender is the functional equivalent of LWOP and thus violates the Eighth Amendment].) However, since appellant was an adult at the time he committed his present offenses, he does not fall within the ambit of these decisions.

The only shred of support for appellant's position is a concurring opinion in which Justice Mosk decried multicentury sentences as being oblivious to life expectancy tables. (*People v. Deloza* (1998) 18 Cal.4th 585, 600-602 (conc. opn. of Mosk, J.).) But concurring opinions are not the law (*People v. Byrd* (2001) 89 Cal.App.4th 1373, 1382-1383), and as appellant acknowledges, the United States and California Supreme Courts have upheld the constitutionality of lengthy indeterminate sentences that have been

imposed pursuant to the Three Strikes law. (See, e.g., *Lockyer v. Andrade* (2003) 538 U.S. 63 [50 years to life]; *People v. Ayon* (1996) 46 Cal.App.4th 385, overruled on other grounds in *People v. Deloza, supra,* 18 Cal.4th at pp. 593-595 [225 years to life]; *People v. Cartwright* (1995) 39 Cal.App.4th 1123 [375 years to life].)

The upshot of these decisions is that extensive criminality may be met with strict and sometimes severe punishment. Appellant not only engaged in serious and repeated sexual misconduct with the victim in this case, he abused his position of trust as the boyfriend of her mother and exhibited a high degree of cruelty and callousness by making her taste his semen, exposing her to pornography and telling her he liked her more than he liked her mother. His lengthy criminal record extends back to when he was a juvenile and includes convictions for attempted murder, assault with a firearm and gang-related offenses. Although he served time in prison for these crimes, that obviously did not deter him from committing the offenses for which he was currently convicted. And at sentencing, he tried to lay some of the blame for what happened at his girlfriend's feet, rather than taking full responsibility for his actions.

Appellant has demonstrated the necessary propensities to warrant a lengthy prison sentence. (*Rummel v. Estelle* (1980) 445 U.S. 263, 284-285.) The fact his sentence exceeds his life expectancy is fodder for theoretical musing, but it does not, either in the abstract or as applied to his particular circumstances, render his sentence unconstitutional under current legal standards. (*People v. Haller* (2009) 174 Cal.App.4th 1080, 1089-1090; *People v. Retanan* (2007) 154 Cal.App.4th 1219, 1230-1231; *People v. Byrd, supra*, 89 Cal.App.4th at pp. 1382-1383.)

II

At sentencing, the trial court retained jurisdiction for the limited purpose of determining restitution. (§ 1202.4, subd. (f).) However, the abstract of judgment states restitution is to be determined by the Department of Corrections and Rehabilitation. As the court's oral pronouncement of judgment prevails over the clerical record (*People v.*

4

*Mesa* (1975) 14 Cal.3d 466, 471), we will modify the abstract of judgment to reflect the trial court's decision to retain jurisdiction on the issue of restitution.

## DISPOSITION

The judgment is modified to provide that the trial court retains jurisdiction to set the amount of restitution pursuant to section 1202.4. The clerk of the trial court is directed to prepare an amended abstract of judgment reflecting this modification and send a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

BEDSWORTH, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

MOORE, J.