Filed 9/8/14  P. v. Ross CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073401 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F07663) |
| v. | |
| DERK LESTER ROSS, | |
| Defendant and Appellant. | |

Defendant Derk Lester Ross was charged with committing a lewd and lascivious act with an eight-year-old child, his girlfriend's daughter.  (Pen. Code, § 288, subd. (a)—count one),[1] and five separate counts of committing an act of oral copulation or sexual penetration with the same child when she was between the ages of six and eight (§§ 288.7, subd. (b), 289—counts two through six).  A jury found defendant guilty of all counts; the trial court sentenced him to state prison for the upper term of eight years on

---

[1] Undesignated statutory references are to the Penal Code.

count one and five consecutive terms of 15 years to life on counts two through six. Defendant appeals, claiming his aggregate sentence of 83 years to life is cruel and unusual punishment because it cannot possibly be served in his lifetime and is not denominated as life imprisonment without the possibility of parole (LWOP). We disagree and shall affirm the judgment.

The facts underlying defendant's convictions are not relevant to the issue on appeal, and we shall omit them as a result. We also do not need to add any additional procedural facts to those described in this introduction.

## DISCUSSION

Defendant argues that all year-to-life sentences that cannot possibly be completed during the inmate's lifetime (de facto LWOP's) are cruel and unusual punishment in violation of the federal and state Constitutions. (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17.)[2] "[A]lthough [defendant] has technically forfeited the issue on appeal because he did not raise the objection below (*People v. DeJesus* (1995) 38 Cal.App.4th 1, 27), we 'shall reach the merits under the relevant constitutional standards, in the interest of judicial economy to prevent the inevitable ineffectiveness-of-counsel claim.' (*People v. Norman* (2003) 109 Cal.App.4th 221, 229-230.)" (*People v. Russell* (2010) 187 Cal.App.4th 981, 993.) We find defendant's claim meritless, though we recognize that the sentence imposed is longer than his probable lifespan.[3]

---

[2] A punishment violates the Eighth Amendment of the United States Constitution if it is "grossly disproportionate to the severity of the crime." (*Ewing v. California* (2003) 538 U.S. 11, 21 [155 L.Ed.2d 108, 117].) A punishment may amount to cruel or unusual punishment under article I, section 17 of the California Constitution if "it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424.)

[3] We note that defendant raises no cognizable proportionality argument with respect to his sentence but merely contends that all de facto LWOP sentences are unconstitutional.

Defendant first contends his sentence is cruel and unusual because it serves no legitimate governmental purpose. Defendant relies on the concurring opinion in *People v. Deloza* (1998) 18 Cal.4th 585, in which Justice Mosk opined that any sentence longer than the human lifespan is inherently cruel and unusual. (*Id.* at pp. 600-602 (conc. opn. of Mosk., J.).) No published opinion has agreed with Justice Mosk, and California courts have repeatedly upheld sentences that exceed the defendant's life expectancy. (*People v. Retanan* (2007) 154 Cal.App.4th 1219, 1231 (*Retanan*).) Moreover, a de facto LWOP sentence, though undoubtedly harsh, when warranted, "serves valid penological purposes: [I]t unmistakably reflects society's condemnation of defendant's conduct and it provides a strong psychological deterrent to those who would consider engaging in that sort of conduct in the future." (*People v. Byrd* (2001) 89 Cal.App.4th 1373, 1383 (*Byrd*).)

Second, though defendant acknowledges that several courts have recognized the validity of de facto LWOP sentences, he invites us to revisit their constitutionality in light of the Supreme Court's recent decision in *Miller v. Alabama* (2012) 567 U.S. ___ [183 L.Ed.2d 407]. *Miller* held that the Eighth Amendment ban on " 'cruel and unusual punishment' " prohibits mandatory LWOP sentences for those *under the age of 18* at the time of their offenses because the attendant characteristics of youth, such as lessened culpability and a greater capacity for change, may merit imposition of a lesser sentence. (*Id.* at p. ___ [183 L.Ed.2d at pp. 414-415] (plur. opn. of Kagan, J., joined by Kennedy, Ginsburg, Breyer, and Sotomayor, JJ.).) Defendant here was over *35 years old* at the time of these offenses, and the analysis of *Miller*, which is dependent on a *juvenile* offender's youthful characteristics, is not applicable to adult offenders.

Indeed, in cases not involving juvenile defendants, a prison sentence of life without the possibility of parole (or its functional equivalent) may be imposed in an appropriate case without offending either the state or the federal Constitution. (*Harmelin v. Michigan* (1991) 501 U.S. 957, 961, 995 [115 L.Ed.2d 836] [LWOP sentence for

possession of 672 grams of cocaine not cruel and unusual]; *Byrd*, *supra*, 89 Cal.App.4th at pp. 1375-1376, 1383 [Three Strikes law sentence of 115 years plus 444 years to life for multiple felony counts with firearm and great bodily injury allegations not cruel or unusual]; cf. *Graham v. Florida* (2010) 560 U.S. 48, 82 [176 L.Ed.2d 825, 850] [juvenile tried as adult may not be sentenced to LWOP or functional equivalent for nonhomicide offense]; *People v. Caballero* (2012) 55 Cal.4th 262, 265, 268-269 [same].) And, many "appellate courts have held that lengthy sentences for multiple sex crimes do not constitute cruel or unusual punishment." (*People v. Bestelmeyer* (1985) 166 Cal.App.3d 520, 531 [129 years]; see, e.g., *Retanan*, *supra*, 154 Cal.App.4th at p. 1230 [135 years to life]; *People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1132, 1134-1136 [375 years to life]; see also *People v. Poslof* (2005) 126 Cal.App.4th 92, 109 [27 years to life for failure to register as a sex offender].)

Finally, defendant presents the spurious claim that calling a year-to-life sentence that cannot be served in a single lifetime anything other than an LWOP "is cruel and unusual because it creates a legal fiction which necessarily will result in a defendant dying in prison before he becomes eligible to even seek the parole that is a fictional component of his sentence." He argues that imposing a sentence with "a future parole eligibility date that he can never possibly live to" see is "a taunt and a fiction." He claims that "[i]f someone is to be locked up for his entire life, a sentencing judge should sentence that person to life without parole." Defendant cites no authority to support his specious contention that the sentence imposed is cruel and unusual because it does not bear the name "LWOP," and we find none. Further, defendant's claim that the court should impose an LWOP sentence when the imposed sentence is tantamount to an LWOP is properly addressed to the Legislature, which establishes the sentencing scheme, and not this court, which is charged with determining whether the sentence imposed comports

4

with the legislative scheme and constitutional limits.  Here, the sentence is appropriate, so defendant's claim fails.

Accordingly, we find the sentence imposed by the trial court does not violate federal or state constitutional bans on cruel and unusual punishment.

## DISPOSITION

The judgment is affirmed.


                                                          BUTZ          , J.



We concur:



      NICHOLSON      , Acting P. J.



      MURRAY          , J.


5