Filed 5/27/15  P. v. Everett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C076770 |
| Plaintiff and Respondent, | (Super. Ct. No. P13CRF0231) |
| v. | |
| DAVID CHARLES EVERETT, | |
| Defendant and Appellant. | |

Defendant David Charles Everett was charged and convicted of 12 sex offenses against a child under the age of 10, his girlfriend's niece.  The trial court sentenced him to an aggregate term of 210 years to life in state prison.

On appeal, defendant contends the sentence constitutes cruel and unusual punishment under the state and federal Constitutions because it cannot possibly be completed in his lifetime.  We disagree and affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

Because of the nature of the claim on appeal, we need not recite in detail the substantive facts underlying defendant's convictions.

Defendant lived, for a time, with his girlfriend and members of her extended family, including her niece, Jane Doe (the victim). Over a period of several months, while he lived in the same house as the victim and after he moved out of the house, defendant sexually molested the victim by sodomizing her, orally copulating her, having her orally copulate him, penetrating her vagina with his finger, attempting to penetrate her vagina with his penis, having her masturbate him, and ejaculating in her anus and mouth. Defendant committed these acts when he and the victim were alone and when other family members were home. He sexually molested her at different times and in multiple rooms and locations throughout the house. He did so whether she protested or not.

Defendant told the victim not to tell anyone because "he thought he was going to get in big, big trouble." Although the victim was initially afraid to report the molestation because she did not want defendant to get angry with her or hurt her, she eventually told a sibling, who then reported it to their mother.

Defendant was charged by information with five counts of intercourse or sodomy with a child under the age of 10 (Pen. Code, § 288.7, subd. (a) — counts 1, 3, 4, 5, and 9), five counts of oral copulation or penetration with a child under the age of 10 (Pen. Code, § 288.7, subd. (b) — counts 2, 6, 7, 8, and 10), and two counts of lewd and lascivious acts with a child under the age of 14 (Pen. Code, § 288, subd. (a) — counts 11 and 12). He was tried by a jury and found guilty as charged.

The trial court sentenced defendant to an aggregate term of 210 years to life comprised as follows: a determinate term of eight years for count 11, plus a consecutive determinate term of two years for count 12, consecutive indeterminate terms of 25 years

2

to life each for counts 1, 3, 4, 5, and 9, and consecutive indeterminate terms of 15 years to life each for counts 2, 6, 7, 8, and 10.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends his sentence of 210 years to life cannot possibly be completed in his lifetime and thus constitutes cruel and unusual punishment in violation of the federal and state Constitutions. (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17.)[1] Acknowledging his failure to specifically object on those grounds below, defendant asks us to either deem the objection adequately made or consider the issue in any event to forestall a subsequent claim of ineffective assistance of counsel. "[A]lthough [defendant] has technically forfeited the issue on appeal because he did not raise the objection below (*People v. DeJesus* (1995) 38 Cal.App.4th 1, 27), we 'shall reach the merits under the relevant constitutional standards, in the interest of judicial economy to prevent the inevitable ineffectiveness-of-counsel claim.' (*People v. Norman* (2003) 109 Cal.App.4th 221, 229-230.)" (*People v. Russell* (2010) 187 Cal.App.4th 981, 993.) We find the claim lacks merit.

Defendant's claim rests entirely on a legal theory put forward in the concurring and dissenting opinions of the late California Supreme Court Justice Stanley Mosk. Justice Mosk opined that a sentence that cannot possibly be completed in one's lifetime amounts to cruel or unusual punishment because it "makes a mockery of the law" (*People v. Hicks* (1993) 6 Cal.4th 784, 797) and "can serve no rational legislative

---

[1] A punishment violates the Eighth Amendment of the United States Constitution if it is " 'grossly disproportionate to the severity of the crime.' " (*Ewing v. California* (2003) 538 U.S. 11, 21 [155 L.Ed.2d 108, 117].) A punishment may amount to cruel or unusual punishment under article I, section 17 of the California Constitution if "it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424.)

purpose, under either a retributive or a utilitarian theory of punishment." (*People v. Deloza* (1998) 18 Cal.4th 585, 601.)  In Justice Mosk's view, the "maximum sentence that should be imposed is one a defendant is able to serve:  life imprisonment."  (*Id.* at p. 602.)

Defendant properly concedes that Justice Mosk's theory "has never commanded a majority of the California Supreme Court, nor has it been accepted in the federal courts." As we stated in *People v. Retanan* (2007) 154 Cal.App.4th 1219, 1231, " ' "[N]o opinion has value as a precedent on points as to which there is no agreement of a majority of the court.  [Citations.]"  [Citations.]  Because no other justice on our Supreme Court joined in Justice Mosk's concurring opinion [in *Deloza*], it has no precedential value.' Accordingly, there is no authority for defendant's argument."  We have respectfully disagreed that a sentence in excess of an ordinary human lifespan in otherwise appropriate circumstances is cruel or unusual merely because of its length.  (*People v. Haller* (2009) 174 Cal.App.4th 1080, 1089-1090; *People v. Byrd* (2001) 89 Cal.App.4th 1373, 1383.)  We do so again here.

In light of defendant having been convicted of multiple sex offenses against a child, and absent any precedential authority supporting the argument, we conclude the sentence imposed does not violate either the federal or state Constitutions.

DISPOSITION

The judgment is affirmed.

           RENNER           , J.

We concur:

  NICHOLSON      , Acting P. J.

  HULL          , J.