Filed 6/12/15  P. v. Pineda CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANK PINEDA,<br><br>    Defendant and Appellant. | F066585<br><br>(Super. Ct. No. VCF239958)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury convicted defendant Frank Pineda of committing numerous sex offenses against three grandchildren and a stepdaughter. Pineda was sentenced to prison for over 600 years. On appeal, he contends (1) his lengthy prison sentence constitutes cruel and unusual punishment under the state and federal constitutions, and (2) the abstract of judgment erroneously reflects the sentence imposed on counts 3, 4, and 8. We agree with the second contention, which the People concede, and will remand the matter to the trial court to correct errors in the abstract of judgment, including an error our independent review has uncovered regarding the sentence imposed on counts 10 and 20. In all other respects, we will affirm the judgment.

## *BACKGROUND*[1]

On November 5, 2012, the jury convicted Pineda as charged of 11 counts of forcible lewd acts on a child under the age of 14 years (Pen. Code,[2] § 288, subd. (b)(1); counts 1, 6, 11-19), three counts of oral copulation or sexual penetration with a child 10 years of age or younger (§ 288.7, subd. (b); counts 2, 5, 7), three counts of lewd acts on a child under the age of 14 years (§ 288, subd. (a); counts 3, 4, 8), one count of pandering by encouraging a minor under the age of 16 years to become a prostitute (§ 266i, subd. (b)(2); count 9), and one count of lewd acts on a child of 14 or 15 years of age (§ 288, subd. (c)(1); count 20). The jury also found true the special allegations that Pineda engaged in substantial sexual conduct with the victims (§ 1203.066, subd. (a)(8); counts 1, 4, 6, 11, 16-18), and committed sex crimes against multiple victims (§ 667.61, subd. (b); counts 1, 3, 4, 6, 8, 11-19).

In a bifurcated proceeding, the trial court found Pineda guilty of failing to file a change of address (§ 290.013, subd. (a); count 10). The court also found true allegations

---

[1]  We omit a recitation of the facts underlying Pineda's convictions; we need not refer to them to resolve the issues on appeal.

[2]  All further statutory references are to the Penal Code unless otherwise specified.

that Pineda had suffered a prior conviction for spousal rape (§ 262, subd. (a)(1)), which qualified as a prior strike (§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and a prior serious felony (§ 667, subd. (a)(1)), and which brought him within the meaning of the one strike law (§ 667.61, subd. (a)) and the habitual sexual offender law (§ 667.71).

On January 14, 2013, the trial court sentenced Pineda to 55 years to life on each of counts 1, 6, and 11 through 19 (forcible lewd acts on child under 14 years), resulting in an aggregate, indeterminate sentence of 605 years to life. The court further sentenced Pineda to 12 years on count 9 (pandering), plus 16 months on each of counts 10 (failure to file change of address) and 20 (lewd act on child of 14 or 15 years), resulting in an aggregate, determinate sentence of 14 years and eight months. Pineda received concurrent terms of 55 years to life on counts 3, 4, and 8 (lewd acts on child under 14 years), and the terms imposed on counts 2, 5, and 7 (sexual acts with child 10 years or younger) were stayed under section 654.

## I. *Pineda's Sentence Does Not Constitute Cruel and Unusual Punishment*

Pineda contends his lengthy prison sentence violates the federal Constitution's Eighth Amendment ban on "cruel and unusual punishment," as well as the similar ban of article I, section 17 of the California Constitution against "cruel or unusual punishment." The thrust of his argument is that a sentence of this duration, being so long it "is impossible for a human being to serve," is unconstitutional. (*People v. Deloza* (1998) 18 Cal.4th 585, 600-601 (conc. opn. of Mosk, J.) [criticizing "multicentury sentences"].)

As Pineda concedes, however, he did not raise this issue in the trial court. California law is clear that by failing to raise the issue below, he forfeited the claim. (*People v. Speight* (2014) 227 Cal.App.4th 1229, 1247-1248, and cases therein cited.) Thus, we decline to address it.

In the alternative, Pineda contends his defense counsel was ineffective for not moving to reduce his sentence on constitutional grounds. We disagree. To prove ineffective assistance, Pineda must show that defense counsel's performance fell below

an objective standard of reasonableness under prevailing professional norms, and that, in the absence of counsel's failure, it is reasonably probable that the result of the sentencing proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 694.)

Pineda's ineffective assistance of counsel claim fails because he cannot satisfy the first prong of *Strickland*. He cannot show defense counsel's performance fell below an objective standard of reasonableness based on defense counsel's failure to raise constitutional claims that had little or no chance at success under the law (See *People v. Anderson* (2001) 25 Cal.4th 543, 587 ["[c]ounsel is not required to proffer futile objections"]; see also *Ewing v. California* (2003) 538 U.S. 11, 22 [successful Eight Amendment challenges to noncapital sentences "'exceedingly rare'"]; *People v. Weddle* (1991) 1 Cal.App.4th 1190, 1196 ["[f]indings of disproportionality [in sentencing under the California Constitution] have occurred with exquisite rarity in the case law"].)

Justice Mosk's concurrence in *People v. Deloza*, on which Pineda relies on appeal, is not an accurate statement of California law, and its reasoning has been rejected. (*People v. Haller* (2009) 174 Cal.App.4th 1080, 1089; *People v. Byrd* (2001) 89 Cal.App.4th 1373, 1383 (*Byrd*).) Sentences exceeding human life expectancy like Pineda's have been repeatedly upheld against constitutional challenge. (See, e.g. *Byrd*, *supra*, 89 Cal.App.4th at p. 1382 [444 years to life plus 115 years]; *People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1139-1141 [400 years to life plus 53 years]; *People v. Wallace* (1993) 14 Cal.App.4th 651, 666-667 (*Wallace*) [283 years, 8 months]; *People v. Bestelmeyer* (1985) 166 Cal.App.3d 520, 532 [129 years].) The court in *Byrd* explained:

> "[I]t is immaterial that defendant cannot serve his sentence during his lifetime. In practical effect, he is in no different position than a defendant who has received a sentence of life without possibility of parole: he will be in prison all his life. However, imposition of a sentence of life without possibility of parole in an appropriate case does not constitute cruel or unusual punishment under either our state Constitution [citation] or the federal Constitution. [Citation]. [¶] Moreover …, a sentence such as the

4.

one imposed in this case serves valid penological purposes: it unmistakably reflects society's condemnation of defendant's conduct and it provides a strong psychological deterrent to those who would consider engaging in that sort of conduct in the future." (*Byrd*, *supra*, 89 Cal.App.4th at p. 1383.)

Likewise, Pineda cannot demonstrate he received ineffective assistance based on defense counsel's failure to argue his sentence was grossly disproportionate to his crimes when compared with potential punishment for more serious offenses in California such as premeditated murder. Courts have rejected similar arguments in upholding lengthy prison sentences imposed in cases like this one involving the commission of multiple felonies. Thus, in *People v. Crooks* (1997) 55 Cal.App.4th 797, 800, the court rejected the defendant's argument that his one strike sentence of 25 years to life for his conviction of rape was cruel and unusual because it was "harsher than that imposed in California for any type of killing short of first degree murder or for any type of sexual offense … not committed in the course of a first degree burglary." (*Id.* at p. 807.) In rejecting the defendant's argument, the court explained:

> "[T]his argument ignores the fact that defendant's acts involved both the commission of more than one kind of offense (rape and first degree burglary) and the commission of one offense for the purpose of committing another. *The penalties for single offenses, such as those defendant cites, cannot properly be compared to those for multiple offenses*—especially where, as here, one offense was committed in order to commit another. Moreover, the gravity of the two crimes committed by defendant (burglary and rape) is greater than the sum of their parts: being raped in her own home is a woman's worst nightmare." (*Crooks*, *supra*, 55 Cal.App.4th at p. 807, italics added; accord *People v. Estrada* (1997) 57 Cal.App.4th 1270, 1273, 1282.)

Moreover, Pineda's sentence is not unlike those upheld for defendants convicted of similar crimes. (*People v. Retanan* (2007) 154 Cal.App.4th 1219, 1222, 1231 [upholding sentence of 135 years to life for 16 felony offenses arising from molestation of four children], *Wallace*, *supra*, 14 Cal.App.4th at pp. 655, 666-667 [upholding sentence of 283 years, eight months for 46 felony offenses arising from sexual assaults on

seven women].)  In light of established precedent rejecting similar constitutional challenges to those Pineda now raises on appeal, he cannot show defense counsel was ineffective for failing to raise them below.

## II.    *The Abstract of Judgment Must Be Corrected to Reflect the Actual Sentence Imposed for Counts 3, 4, 8, 10, and 20*

At sentencing, the trial court imposed *concurrent* terms on counts 3, 4, and 8, and consecutive *16-month* terms on counts 10 and 20.  However, the abstract of judgment incorrectly reflects that the court imposed *consecutive* terms on counts 3, 4, and 8, and consecutive *eight-month* terms on counts 10 and 20.  Therefore, the abstract of judgment must be corrected to reflect the actual sentence imposed with regard to counts 3, 4, 8, 10, and 20 during the oral pronouncement of judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## *DISPOSITION*

The case is remanded for the trial court to correct the abstract of judgment to reflect concurrent terms imposed on counts 3, 4, and 8, and consecutive 16-month terms imposed on counts 10 and 20.  The court is directed to prepare an amended abstract of judgment to reflect this correction and to forward the amended abstract of judgment to the appropriate authorities.  The judgment is otherwise affirmed.

_____

HILL, P.J.

WE CONCUR:

_____

GOMES, J.

_____

FRANSON, J.