**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LIOR ABRAHAM, | No. 23-2776 |
| Plaintiff - Appellant, | D.C. No.<br>4:22-cv-01600-JST |
| v. | |
| STATE FARM GENERAL INSURANCE<br>COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court for the
Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted October 21, 2024[**]
San Francisco, California

Before: GILMAN[***], WARDLAW, and COLLINS, Circuit Judges.

Lior Abraham ("Abraham") appeals the district court's grant of summary

judgment in favor of State Farm Insurance Company ("State Farm") on his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for
the Court of Appeals, 6th Circuit, sitting by designation.

California state-law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment arising from State Farm's denial of coverage for the defense of a lawsuit alleging sexual assault by him (the "Doe Action"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly granted summary judgment in favor of State Farm. Abraham contends that the district court erred in concluding that there was no possibility of coverage under both policies State Farm issued to him, the Renters Policy and Personal Liability Umbrella Policy (the "Umbrella Policy"). He asserts that there are genuine disputes of material fact on the issues of whether he intended to hurt Doe and whether Doe consented to his sexual advances, and he mistakenly argues that those issues are relevant to the question of coverage.

California law defines an "occurrence" or "accident" as "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 5 Cal. 5th 216, 221 (2018), *as modified* (July 25, 2018). "[T]he word 'accident' in the coverage clause of a liability policy refers to the conduct of the insured for which liability is sought to be imposed . . . ." *Id.* (citation omitted). "When an insured intends the acts resulting in the injury or damage, it is not an accident 'merely because the insured did not intend to cause injury. The insured's subjective intent is irrelevant.'" *Albert v. Mid-Century Ins. Co.*, 236 Cal. App. 4th

1281, 1291 (2015) (citation omitted).  Likewise, an insured's mistaken belief as to consent does not convert a volitional act into an accident.  *See, e.g.*, *Merced Mut. Ins. Co. v. Mendez*, 213 Cal. App. 3d 41, 50 (Ct. App. 1989).  Thus, "[a]n accident . . . is never present when the insured performs a deliberate act *unless* some additional, unexpected, independent, and unforeseen happening occurs that produces the damage."  *Ledesma*, 5 Cal. 5th at 225.

Here, the district court correctly held that the relevant California authorities foreclose Abraham's position.  Furthermore, the district court correctly found that the undisputed facts show that Abraham engaged in deliberate and intentional conduct and that there was no "unexpected, independent, and unforeseen happening" that allegedly harmed Doe.  *Id.*; *see also Merced*, 213 Cal. App. 3d at 50 (finding no "accident" where the insured admitted to intentionally engaging in sexual activity with the victim).

Abraham's arguments to the contrary are misplaced.  Abraham cites no authority to support his argument that a reasonable mistake as to the victim's consent could convert his intentional actions into an "accident."  Indeed, California courts have held the opposite.  *See Quan v. Truck Ins. Exch.*, 67 Cal. App. 4th 583, 599 (1998) ("[E]ven if a jury was to find that the insured was mistaken in his belief as to whether the claimant 'consented' to the touching, embracing, kissing or sexual intercourse, there was still no additional happening constituting an

"accident" which caused the injuries."); *Lyons v. Fire Ins. Exch.*, 161 Cal. App. 4th 880, 889 (2008) ("Regardless of his misperception of consent, Lyons intended his sexual advance and the accompanying unwanted detention that was the subject of Roy's claim."). Furthermore, Abraham's reliance on Justice Liu's concurrence in *Ledesma* is misplaced. A single concurrence "has no precedential value." *People v. Byrd*, 89 Cal. App. 4th 1373, 1383 (2001). Nor has Abraham presented any convincing evidence that the California Supreme Court will overrule or modify these holdings of the California Courts of Appeal. *See In re Watts*, 298 F.3d 1077, 1083 (9th Cir. 2002). To the contrary, the California Supreme Court has cited to these cases approvingly in *Delgado v. Interinsurance Exchange of Automobile. Club of Southern California*, 47 Cal. 4th 302, 316 (2009). Accordingly, the district court correctly granted summary judgment in favor of State Farm.[1]

**AFFIRMED.**

---

[1] Abraham also contends that the district court erred in granting summary judgment because the Umbrella Policy's intentional torts provision might apply to the events in the underlying Doe Action. We decline to address the merits of this argument. Nowhere in Abraham's original complaint, amended complaint, or summary judgment briefing did Abraham raise this theory of liability, let alone argue it. Accordingly, Abraham has waived this argument. *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006); *see also Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 848 n.4 (9th Cir. 2004) ("[P]arties cannot raise new issues on appeal to secure a reversal of the lower court's summary judgment determination."). We need not address the parties' remaining arguments because they are unnecessary to the resolution of this appeal.